## JUDGE OF PROBATE *v.* LANE & A.

*Plene administravit* is not a good plea to an action of debt brought in the name of the judge of probate on an executor's bond.

Chapter 208, section 4 of the General Statutes, only allows double pleading as far as the replication. Two rejoinders to a single replication are therefore inadmissible.

Any pleading which introduces new matter by way of confession and avoidance, should regularly conclude with a verification, and not to the country.

The rejoinder should support the plea, and not introduce matter which constitutes a departure from the plea.

Objections to the form in which the statement of the claim was indorsed on the back of the writ come too late after the defendant has pleaded generally to the declaration, and issues have been joined.

A replication to a plea of *omnia performavit*, in such cases, which states in detail sufficient facts to show that the defendant was guilty of fraudulent conduct in the sale of real estate, is sufficient under Gen. Stat., ch. 182, sec. 12.

DEBT, by Judge of Probate against Samuel G. Lane, Jacob C. Dunklee, and Joshua Lane, 2d, on a bond dated Feb. 25th, 1868, conditional, in the usual form, for Samuel G. Lane's performance of his duties as executor of the will of Sarah Huse. Upon the writ is endorsed the following statement:

" By Probate Court—Leave granted to" Wilder, Flanders, and Lang " to put in suit the bond of the defendants."     *     *     *     *     *     *     *

" The cause of the suit is, that S. G. Lane did not faithfully act as such executor, but defrauded the estate and legatees in the sale of land and house on Warren street, in Concord—and said Wilder, Flanders, and Lang claimed damages therefor as the legatees."

Defendants pleaded, 1st, *plene administravit*, to which there was a demurrer and joinder.

Defendants pleaded, 2d, *omnia performavit*. Plaintiff replied, 1st, that the executor did not, within three months, return a true and perfect inventory, although goods of the estate did, during said three months, come into the possession and knowledge of said executor. Defendants rejoined, 1st, that the legatees named in the will of said Sarah Huse represented to the executor that one Lang, son-in-law of said Sarah Huse, would pay all bills existing against said estate and relieve the estate of the usual expense of administration, and requested said executor to delay all proceedings connected with said estate for the purpose above stated : " and of this the said defendants put themselves upon the country." Defendants, by leave of the court first had and obtained, rejoined, 2d, that the executor returned a true and perfect inventory July 28, 1868, and, on March 23, 1869, presented his account of administration to the judge of probate ; and the judge, after examin-

ing said account, and hearing such objections as the parties interested in this suit chose to make, if any, allowed said account, " at which settlement all damages occasioned to the party or parties interested in this suit for not returning said inventory within three months from the date of said writing obligatory were considered settled, and allowed: and of this the said defendants put themselves upon the country." To these rejoinders plaintiff demurred, and specified three causes of demurrer.

1st, that defendant had a right to plead but one rejoinder to the replication; 2d, that the rejoinders were a departure from the plea; 3d, that the rejoinders introduce new matter, but conclude to the country and not with a verification; and that the rejoinders are otherwise insufficient in form and in substance. Defendants joined the demurrer.

Plaintiff's 2d replication to the plea of *omnia performavit* alleged that the executor " did not well and truly administer, according to law and said will, the estate of said deceased, which came to his possession or knowledge, or into the possession of any other person or persons for him; but the said deceased, having left a house and lot of land on the south side of Warren street in said Concord, of the value of eight hundred dollars, belonging to her said estate, subject to the life estate therein of John Huse, widower of said deceased, which he held by virtue of the 4th section of the 164th chapter of our General Statutes, no provision being made for him in said will, which life estate said Lane purchased of said John Huse, at said Concord, on the third day of December, A. D. 1867, for the sum of twenty-five dollars, he, the said Lane, disregarding his duty and obligation as such executor, and for the sake of his own private gain, took the conveyance of said life estate to one Moulton H. Marston, his father-in-law, but in trust for his own private use and benefit, and not to himself as such executor, for the benefit of said estate, and of the legatees and persons interested therein; and the said Moulton H. Marston, at the request of said Lane, having conveyed his interest in said house and lot to one William A. Hurd, the brother-in-law, confidant, and partner in business of said Lane, to wit, at said Concord, on the second day of November, A. D. 1868, he, the said Lane, on the 4th day of December, A. D. 1868, at said Concord, by virtue of a license from said judge of probate issued on the 22d day of September, A. D. 1868, upon the petition of said Lane, authorizing said Lane to sell said house and lot at public auction to pay the demands against said estate, for the purpose of defrauding said estate and legatees and making private gain therefrom, sold said house and lot at public auction to the said Hurd for the sum of four hundred and twenty-five dollars, and in trust for his own benefit, but the said Lane petitioned for said license and sold said house and lot, subject to the said life estate of John Huse, when said life estate was or ought to have been extinguished by said purchase thereof from said Huse, and whereas if said house and lot had been sold, as they might and should have been, free from the encumbrance of said life estate, and the said Lane had acted faithfully for the benefit of said estate, it would have brought eight hundred dollars or thereabout:

and this the plaintiff is ready to verify. Wherefore, &c." To this replication there was a demurrer and joinder in demurrer.

Plaintiff's 3d replication to the plea of *omnia performavit* alleged that the executor did not, within one year, render a just and true account, although goods came into his hands. Defendants rejoined, that the executor "made and returned to said judge, upon oath, a just and true account of his said administration within thirteen months of the date of said writing obligatory, to wit, on the 23d day of March, 1869; and the said judge, after examining said account, and after hearing such objections as the parties interested in said estate chose to make, if any, allowed said account, by which settlement all damages occasioned to the party or parties interested in this suit for not returning said account within one year, were settled and allowed : and of this the said defendants put themselves upon the country." To this rejoinder plaintiff demurred, and specified duplicity and the conclusion to the country, as well as general insufficiency, as causes of demurrer. The demurrer was joined.

Plaintiff's 4th replication to the plea of *omnia performavit* alleged that the executor "did not, and up to the time of filing this replication has not, though often requested so to do, delivered or paid over, according to the condition of said writing obligatory, all the rest and residue of said estate which has been found remaining upon his account, to wit, the sum of two hundred and eighty-three dollars and seventy-one cents, the same having been examined and allowed by said judge of probate, who ordered the said Lane to pay the same to the legatees in, and according to, said will of Sarah Huse." Defendants' 1st rejoinder to plaintiff's 4th replication alleged " that the said judge of probate has not, by his decree or sentence, pursuant to law, limited and appointed any person or persons to whom the said Samuel G. Lane should pay the balance found remaining in his hands, as executor aforesaid, at the time of the settlement of said account: and of this the said defendants put themselves upon the country." Defendants' 2d rejoinder to plaintiff's 4th replication alleged " that the said Samuel G. Lane has at all times been ready and willing to pay over to the legatees mentioned in the will of said Sarah Huse deceased, all the balance found in his hands as aforesaid, viz., two hundred and eighty-three dollars and seventy-one cents, whenever requested so to do, according to said bond and the will of said Sarah Huse ; and that said legatees have hitherto neglected and refused to accept the same : and of this the said defendants put themselves upon the country." To these rejoinders there was a demurrer ; and plaintiff specified as cause of demurrer, that defendants had no right to plead more than one rejoinder. The demurrer was joined.

*Blanchard, Flint, Minot, Tappan & Mugridge*, for the plaintiff.

*Lane, Marshall & Chase*, for the defendants.

LADD, J. The plea of *plene administravit* does not answer the declaration, nor raise any issue that can be material; it is therefore insufficient, and the demurrer to this plea must be sustained.

The statute only allows double pleading as far as the replication. Gen. Stats., ch. 208, sec. 4. Beyond that the common law rule applies; and it would seem that the two rejoinders to the plaintiff's first replication must be set aside together, on demurrer, for this reason. *Pickering* v. *Pickering*, 19 N. H. 389. These rejoinders are both bad in form, for the reason that they introduce new matter by way of confession and avoidance, and conclude to the country; which is contrary to the established rules of pleading. Besides, they are both obnoxious to the objection that the matter set up in them is a departure from the plea, and does not support it. The demurrer to these rejoinders must be sustained.

The rejoinder to the third replication is bad, because (1) it introduces new matter by way of confession and avoidance, and concludes to the country; (2) it does not support the plea, but is a departure from it; (3) it does not seem to be a sufficient answer in law. *Judge of Probate* v. *Tillotson*, 6 N. H. 38.

The two rejoinders to the fourth replication must be held bad—(1) for duplicity; (2) for departure; (3) they conclude to the country when they should conclude with a verification.

We do not think it necessary to inquire whether the statement of the claim endorsed on the back of the writ was as full and explicit as is contemplated by the statute, because, if there is any defect in the endorsement, it should have been taken advantage of at an earlier stage of the proceedings. This may be regarded as quite similar, in most respects, to the endorsement of the writ required in other cases. At all events, by pleading to the declaration, it must be held that the defendants have waived this objection. The endorsement cannot be regarded as any part of the pleadings, and therefore does not come within the rule that a demurrer goes back to the first fault in pleading.

Is the plaintiff's second replication to the plea of *omnia performavit* sufficient in substance and form?

Section 12, chapter 182 of the General Statutes, provides that "fraudulent conduct in the sale of real estate, misappropriation of the proceeds thereof, or refusal to account for the same, shall be a breach of the administration bond."

The allegation of this replication is in substance, that the executor was guilty of fraudulent conduct in the sale of real estate situated on the south side of Warren street in Concord; and it contains a specification of the facts which it is claimed constitute such fraudulent conduct. It is alleged that the executor bought in the life estate of John Huse, and took the conveyance of that interest to his father-in-law Marston in trust for his own private use and benefit, which was afterwards, at said Lane's request, conveyed to his brother-in-law Hurd; that afterwards, under a license from the probate court, he sold the remainder to Hurd, who took the same in trust for the benefit of Lane; and that all this was done for the purpose of defrauding the estate and the legatees for whose benefit this suit is begun.

The allegation, in short, is, that Lane so fraudulently conducted himself in the sale of said real estate that he procured the whole title to

be conveyed to his brother-in-law Hurd, on a trust for his own private use and benefit, and for a price much less than the actual value of the estate. If these facts are made out, we think they show very clearly a breach of the condition of the bond.*

No substantial objection is seen to the form of the replication. It is in the nature of a specification of the plaintiff's claim, and amounts merely to an allegation of fraudulent conduct on the part of the executor, and a statement of the facts upon which the claim is based. The demurrer to this replication must be overruled.

In accordance with these views, there must be judgment for the plaintiff for the penalty of the bond, unless defendants obtain leave to amend their pleadings at the trial term.

---

* See *Fisher* v. *Concord Railroad, ante,* p. 205.        REPORTER.